**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **M. TOMAS CARDENAS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 12 C 292** |
| **v.** | ) | |
| **MIKE M. GROZDIC and REAL** | ) | **District Judge Virginia M. Kendall** |
| **ESTATE ADVISORS, INC.,** | ) | **Magistrate Judge Geraldine Soat Brown** |
| **Defendants.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Geraldine Soat Brown, United States Magistrate Judge

For the reasons stated below, the part of defendants' motion to compel (Defs.' Mot.) [dkt 34] seeking an award of expenses is granted. By August 27, 2013**,** defendants must file an itemization of their expenses, including attorneys' fees, incurred in bringing defendants' motion to compel. If plaintiff believes that defendants' requested expenses are unreasonable, he may file a response contesting the amount by September 9, 2013. Thereafter, this court will recommend to the District Judge that plaintiff be ordered to pay the reasonable expenses.

<u>Background</u>

Plaintiff M. Tomas Cardenas sued the defendants under federal and state wage-and-hour laws, alleging defendants failed to pay him overtime and other wages. (Compl.) [Dkt 1.] Cardenas

served his response to defendants' first set of written interrogatories 21 days late, on January 28, 2013, and only after defendants' counsel sent two letters and had a telephone conference with Cardenas's counsel about the answers. (Defs.' Mot. ¶¶ 2-6.) Cardenas did not serve a response to defendants' document requests or any responsive documents before the then-scheduled discovery cut off of February 18, 2013, and, as a result, defendants rescheduled Cardenas's deposition and moved for an extension of the discovery schedule. [Dkt 21.] That motion, to which Cardenas agreed, was granted, and fact discovery was extended to March 19, 2013. [Dkt 23.] Having not received responsive documents and being dissatisfied with Cardenas's interrogatory answers, defendants' counsel sent Cardenas's counsel a letter on January 30, 2013, identifying deficiencies in the interrogatory answers and giving Cardenas until February 1, 2013 to serve a response to the document requests. (Defs.' Mot., Ex. 6.) Nothing was forthcoming from Cardenas, and defendants filed their first motion to compel on February 7, 2013, seeking further answers to the interrogatories and responses to the document requests. [Dkt 25.] The District Judge granted that motion on February 13, 2013. [Dkt 27.]

Cardenas finally served his responses to defendants' document requests on February 28, 2013, but did not supplement his interrogatory answers. (Defs.' Mot. ¶¶ 10-11.) Defendants' counsel again met with Cardenas's counsel to discuss them, and sent another letter on April 10, 2013. (Defs.' Mot., Ex. 10.) As of April 17, 2013, Cardenas had not supplemented his interrogatory answers, and defendants filed the present motion to compel, which includes a request for an award of attorneys' fees and costs. (Defs.' Mot. at 4.) The district judge ordered Cardenas to respond to the motion by April 29. [Dkt 36.] Cardenas did not file any response, and the district judge referred the motion to this court. [Dkt 39, 40.] Upon referral, defendants' motion was granted and Cardenas

was ordered to show cause as to why defendants' expenses should not be awarded pursuant to Fed. R. Civ. P. 37(a)(5)(A). [Dkt 43.][1] Cardenas filed a response to the show cause order. (Pl.'s Resp.) [Dkt 44.]

### An Award of Defendants' Expenses is Appropriate.

Under Rule 37(a)(5), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require . . . [the payment of] the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the motion was filed without first attempting to resolve the issue, "the opposing party's non-disclosure . . . was substantially justified," or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). Substantial justification does not mean "'justified to a high degree'" but rather "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The burden is on the losing party to establish that the party's position was substantially justified. *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir. 1994). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Id.*

Cardenas argues that an award of expenses is inappropriate because he answered the interrogatories in "good faith," and that when confronted by defendants about the insufficiency of his responses, "[p]laintiff's attorney explained his position that written interrogatories do not require

---

[1]Defendants' motion asks for sanctions under Rule 37(d)(3) which relates to a failure to serve answers to interrogatories and responses to other discovery. Because Cardenas did serve answers in some form, Rule 37(a)(5) is the more appropriate rule.

verbose answers and that the alleged insufficiencies would be clarified by Cardenas's answers in his discovery deposition." (Pl.'s Resp. ¶¶ 1-3.) He characterizes the dispute as a disagreement among counsel as to the sufficiency of the responses. (*Id.* ¶ 7.) He argues that "[s]anctions would be unjust to punish Plaintiff's zealous approach to sticking up the position that he reasonably believed was proper." (*Id.* ¶ 8.)

It is important to recall that the District Judge set a date for Cardenas to file his response to the motion to compel, but Cardenas never filed any response. He forfeited his opportunity to oppose the motion to compel and to argue the sufficiency of his interrogatory answers. He now claims that no briefing schedule was set on the motion (*id.* ¶ 10), but that contention is frivolous.

Moreover, Cardenas's responses to defendants' interrogatories show that Cardenas's position was not substantially justified. Cardenas's answers to the interrogatories were inadequate, as defendants' counsel pointed out before bringing the motion. (*See* Defs.' Mot., Ex. 10.) For instance, Cardenas responded to two interrogatory requests by simply directing defendants to see "Plaintiff's Response to Request to Produce." (*Id.,* Interrog. 6, 8.) At the time Cardenas served his interrogatory responses, he had not yet served his responses to defendants' request for production, but even after the documents were produced, the response was insufficient under Fed. R. Civ. P. 33(d) under which the responding party "has a duty to specify, by category, and location the records from which answers to the interrogatories can be derived." Fed. R. Civ. P. 33 advisory comm. nn. (1980). As another example, Cardenas apparently verified his interrogatory answers under the name "Armando Ramirez," which was not a name that he listed in response to the interrogatory asking for all aliases. (Defs.' Mot., Ex. 10 at 5.)

Cardenas's suggestion that expenses should not be awarded because the insufficiencies in

the interrogatory responses would have been alleviated by Cardenas's deposition does not demonstrate that his failure to serve adequate response was substantially justified. A party does not have to wait for a deposition to obtain information that should have been included in response to interrogatories.

The other requirements of Rule 37(a)(5) are met here. Defendants' counsel attempted to get revised answers to the interrogatories from Cardenas before bringing the motion. In light of the fact that the District Judge granted defendants' first motion to compel, which also included a request for supplemental interrogatories, and the fact that Cardenas's failed to file a response to this motion to compel, the court does not find that there are circumstances that make the award of expenses unjust.

Accordingly, defendants should be awarded their reasonable expenses in bringing their motion. This court, however, will not enter a final order on the award, but will recommend a disposition to the District Judge.[2] *See Cleversafe, Inc. v. Amplidata, Inc.*, 287 F.R.D. 424 (N.D. Ill. 2012). Before a report and recommendation is issued on this matter, the amount of expenses should be determined. Defendants must file an itemization of their expenses in bringing the motion to compel by August 27, 2013. If Cardenas believes that defendants' request is unreasonable, he may file a response with the court contesting the amount of expenses by September 9, 2013. The court

---

[2]While never squarely addressing Rule 37(a)(5), the Seventh Circuit has stated that a magistrate judge may not grant or deny a request for "sanctions," but may only recommend such a disposition. *See Egan v. Freedom Bank,* 659 F.3d 639, 644 (7th Cir. 2011); *Directv, Inc. v. Barczewski,* 604 F.3d 1004, 1011 (7th Cir. 2010); *Retired Chicago Police Ass'n v. City of Chicago*, 76 F.3d 856, 868-69 (7th Cir. 1996); *Alpern v. Lieb*, 38 F.3d 933, 935-36 (7th Cir. 1994). There is a good argument Rule 37(a)(5) is more of an expense-shifting mechanism than a sanction akin to Rule 11 or 28 U.S.C. § 1927. *See Rickels*, 33 F.3d at 787 (contrasting Rule 11 sanction award with Rule 37 "fee-shifting"). In light of the Seventh Circuit's statements, however, and in agreement with other courts in this circuit that have examined the issue, this court will not enter an award of Rule 37(a)(5) expenses, but rather will issue a report and recommendation. *See, e.g., Cleversafe, Inc.,* 287 F.R.D. at 428-29 (collecting cases).

will then issue a report and recommendation to the District Judge.

**IT IS SO ORDERED.**

Dated: August 13, 2013

_____
Geraldine Soat Brown
United States Magistrate Judge