IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M. TOMAS CARDENAS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | 12 C 292 |
| ) | |
| RAY R. GROZDIC, MIKE M. GROZDIC, and ) | Judge Virginia M. Kendall |
| REAL ESTATE ADVISORS, INC., an Illinois ) | |
| Corporation, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff M. Tomas Cardenas filed the instant three-count Complaint against Ray R. Grozdic, Mike M. Grozdic, and Real Estate Advisors, Inc. ("REA") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*[1] Specifically, Cardenas contends that the Defendants failed to pay overtime wages at a rate of one and one half times his regular hourly rate of pay for the time he worked in excess of forty hours per week in violation of the FLSA (Count I) and failed to pay him earned wages in violation of the IWPCA (Count III). The Defendants have all moved for summary judgment. Mike Grozdic seeks summary judgment on the basis that he was not Cardenas's "employer" for purposes of the FLSA and cannot be found personally liable under the IWPCA. Ray Grozdic similarly asserts that he cannot be individually liable under the IWPCA, while he and REA additionally argue that Cardenas has failed to provide evidence of the alleged unpaid wages or earned overtime. For the following reasons,

---

[1] The Complaint contains an additional count alleging a violation of the Illinois Minimum Wage Law which was voluntarily withdrawn by Cardenas.

Mike Grozdic's Motion for Summary Judgment is granted and Ray Grozdic's and REA's Motion for Summary Judgment is granted in part and denied in part.

# FACTS[2]

As a threshold matter, the Defendants assert that Cardenas failed to comply with Local Rule 56.1 in filing his responses to their statements of material facts and by failing to file a statement of additional facts. In order to clarify what is properly before the Court and what is not, the Court addresses these arguments before delving into the substantive facts. Specifically, the Defendants contend that Cardenas failed to comply with Local Rule 56.1 by: (1) failing to support his denials of paragraph 11 of Mike Grozdic's statement of material facts and paragraph 14 of Ray Grozdic's statement of material facts; (2) failing to substantiate denials by citing to evidence that does not actually dispute factual assertions or proffering additional facts in a number of responses; and (3) failing to file a statement of additional facts.

In his responses to paragraph 11 of Mike Grozdic's 56.1 statement and paragraph 14 of Ray Grozdic's 56.1 statement, Cardenas states only that the factual assertions are "denied." (Pl. Resp. MG 56.1 St. ¶ 11; Pl. Resp. RG 56.1 St. ¶ 14). Unsupported denials to a 56.1 statement are deemed admissions. *See* N.D. Ill. Local Rule 56.1(b)(3)(B); *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.") (citations and quotations omitted). Accordingly, paragraph 11 of Mike Grozdic's statement and paragraph 14 of Ray Grozdic's statement are properly before the Court.

---

[2] Throughout this Opinion, the Court refers to the Parties' Local Rule 56.1 Statements of Material Facts as follows: citations to Mike Grozdic's Statement of Material Facts (Dkt. 59) have been abbreviated to "MG 56.1 St. ¶__"; citations to Cardenas's Response to Mike Grozdic's Statement of Material Facts (Dkt. 67) have been abbreviated to "Pl. Resp. MG 56.1 St. ¶__"; citations to Ray Grozdic and REA's Statement of Material Facts (Dkt. 62) have been abbreviated to "RG 56.1 St. ¶__"; citations to Cardenas's Response to Ray Grozdic and REA's Statement of Material Facts have been abbreviated to "Pl. Resp. RG 56.1 St. ¶__; and citations to Cardenas's Statement of Facts have been abbreviated to "Pl. 56.1 St. ¶__."

Cardenas proffers additional facts in a number of his responses to the Defendants' 56.1 statements. This is not the proper method for presenting additional facts under Local Rule 56.1. Instead, the statement of additional facts under Local Rule 56.1(b)(3)(C) "provides the *only* acceptable means of … presenting additional facts." *F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 634 (7th Cir. 2005). New facts presented only in response to a defendant's statement of facts and not in a plaintiff's own statement of additional facts are improper because the defendant has no mechanism to reply or otherwise dispute them. *See e.g,. Wilcox v. Allstate Corp.*, No. 11 C 814, 2012 WL 6569729, at *6 (N.D. Ill. Dec. 17, 2012). Consequently, any additional factual assertions contained within Cardenas's responses to the Defendants' 56.1 statements will not be considered as facts "affirmatively demonstrating why summary judgment should be denied." *Id.* Nevertheless, any additional proffers are properly before the Court for the limited purpose of determining the basis for Cardenas's denial of the Defendants' factual assertions. *Id*; *see also e.g. Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("if the cited material does not clearly create a genuine dispute over the movant's undisputed fact, the nonmovant should provide an explanation").

The Defendants' contention that Cardenas did not file a statement of additional facts, however, presents another question. Local Rule 56.1(b)(3)(C) provides that a party opposing summary judgment must file "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment" including citations to the record. N.D. Ill. Local Rule 56.1(b)(3)(C). Cardenas includes a section entitled "Statement of Facts" in his response memorandum to the Defendants' motions for summary judgment. In this section, Cardenas offers 17 short numbered paragraphs, a majority of which contain citations to the record. Although the section is not explicitly titled "additional facts" and was not filed separately

from Cardenas's response memorandum, the Court will not ignore facts that are properly supported. Local Rule 56.1 does not mandate that a nonmovant file a statement of additional facts separately and the Defendants were not prejudiced by the manner in which Cardenas offered these facts. The Defendants were free to reply to Cardenas's statement of short numbered paragraphs pursuant to Local Rule 56.1(a)(3)(B). Any properly supported facts found within Cardenas's statement of facts will be considered.

The following facts therefore have been determined by the Court as undisputed unless otherwise noted. This case arises out of a unique payment arrangement between the parties where M. Tomas Cardenas would perform handiwork for the Defendants in exchange for rent credit and an alleged ownership stake in the Defendants' properties. Mike Grozdic is an owner of REA, Inc. and Ray Grozdic owns a number of multi-unit buildings in Bensenville, Illinois. (MG 56.1 St. ¶ 2; RG 56.1 St. ¶ 3). Cardenas rented an apartment from REA in 2002 for $1,000 per month.[3] (RG 56.1 St. ¶ 5). Cardenas began working on the properties during his tenancy, but the parties dispute when Cardenas began working and the level of his involvement. (Pl. 56.1 St ¶ 1; MG 56.1 St. ¶ 3; RG 56.1 St. ¶ 4). The Defendants maintain that Cardenas performed part-time handiwork on the properties beginning in 2008, while Cardenas testified that he worked sixty hours per week from 2002 to 2011. (MG 56.1 St. ¶ 3; RG 56.1 St. ¶¶ 4, 7; Pl. 56.1 St. ¶¶ 1, 13). Cardenas testified that he would work from approximately 5:00 P.M. to Midnight on weekdays and twelve hours on Saturdays and Sundays. (Pl. 56.1 St. ¶ 13; Dkt. 62-3, Cardenas Dep. P. 12, L. 1-12). Cardenas further testified that his job duties included renting the apartments and collecting rent, performing maintenance on the apartments, and responding to tenant

---

[3] The parties appear to dispute whether Cardenas rented a second apartment for $800 per month. However, this fact is not found in any of the filed statements of fact.

emergencies. (Pl. 56.1 St. ¶ 5; Cardenas Dep. P.16, L. 16-18). From 1995 to 2010, Cardenas maintained a full-time position as a warehouse manager at Intercorp, Inc. (RG 56.1 St. ¶ 6).

Cardenas used the money he earned from his handiwork to reduce his rent payments. (*Id.* at ¶ 8). He would provide Ray with handwritten invoices for the hours he worked, but Cardenas states that the entirety of his work was not documented. (*Id.* at ¶ 9; Pl. 56.1 St. ¶ 12). Ray would track Cardenas's hours by transferring Cardenas's notes into his calendar books for 2010 and 2011. (RG 56.1 St. ¶¶ 11-12). Ray used Cardenas's invoices and his calendar books to calculate the payments owed to Cardenas; Cardenas disputes the accuracy of these payments due to the undocumented hours he claims he worked. (*Id.* at ¶ 13; Pl. Resp. RG 56.1 St. ¶ 13). The employment relationship ended on November 17, 2011.

While Mike is an owner of REA, he was not involved with the day-to-day operations regarding Cardenas's work. (MG 56.1 St. ¶ 4; Cardenas Dep. P. 17, L. 2-6). Mike did not hire Cardenas, nor did he set Cardenas's hours of work, pay method, or working schedule. (MG 56.1 St. ¶¶ 6, 8-10). Nor did Mike have any interest in fixing up the properties, (MG 56.1 St. ¶ 5; Cardenas Dep. P. 17, L. 16-20), and as such he never directed Cardenas to replace or repair any screens, doors, locks, windows, or carpet at any of the properties. (MG 56.1 St. ¶ 11).

## **LEGAL STANDARD**

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). Whether a fact is material depends on the underlying substantive law that governs the dispute, and a genuine dispute is one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citation omitted). If the

moving party has properly supported its motion, the nonmoving party must come forward with facts that show there is a genuine issue for trial. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 951 (7th Cir. 2013). Where there are genuine disputes as to material facts, courts view those facts in the light most favorable to the nonmoving party when deciding motions for summary judgment. *Scott v. Harris*, 550 U.S. 372, 380 (2007). And when deciding motions for summary judgment, courts do not weigh evidence or make credibility determinations because such considerations are for the jury. *Omnicare, Inc. v. UnitedHealth Group, Inc.*, 629 F.3d 697, 704-05 (7th Cir. 2011).

## DISCUSSION

Cardenas's Complaint has two counts remaining: Count I alleges a violation of the FLSA for overtime wages and Count III alleges a violation of the IWPCA for unpaid wages. The claims are alleged against all the Defendants. Mike Grozdic filed for summary judgment separately from Ray Grozdic and REA.

### A. Mike Grozdic's Motion for Summary Judgment

Mike Grozdic moves for summary judgment on the basis that he was not Cardenas's "employer" under either the FLSA or the IWPCA. In his single response memorandum, Cardenas failed to address Mike Grozdic's argument that he cannot be deemed Cardenas's "employer" under either statute. By failing to respond to this challenge, Cardenas has waived his claims against Mike Grozdic. *See Wojtas v. Capital Guradian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) (failure to offer opposition to argument constitutes waiver); *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (failure to oppose argument permits inference of acquiescence and "acquiescence operates as a waiver"). The Court therefore grants Mike Grozdic's motion for summary judgment. Waiver aside, because Mike Grozdic was uninvolved

in hiring Cardenas or setting his hours of work, pay method, or working schedule, he was not an "employer" under either statute. *See, e.g., Alvarez v. Downtown Food Enters., Inc.*, No. 10 C 4509, 2010 WL 5158122, at *2 (N.D. Ill. Dec. 13, 2010) (where defendant did not set work schedules or cut paychecks for plaintiff, defendant was not plaintiff's employer).

### 1. FLSA Claim

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Employers have "supervisory authority" over the complaining employee and are responsible, in whole or in part, for the labor violation. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987). Rather than relying on "formalistic labels or common law concepts of agency," courts assess the "economic reality" of the working relationship to determine whether an individual is an employer under the FLSA. *See, e.g., Perez v. Super Maid, LLC*, No. 11 C 07485, 2014 WL 3512613, at *4 (N.D. Ill. July 14, 2014); *Nehmelman v. Penn Nat. Gamin, Inc.*, 790 F. Supp.2d 787, 795 (N.D. Ill. 2011); *Alvarez v. Downtown Food Enters., Inc.*, No. 10 C 4509, 2010 WL 5158122, at *2 (N.D. Ill. Dec. 13, 2010). The economic reality assessment encompasses several factors, including whether the individual: "(1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *See Velez v. Sanchez*, 693 F.3d 308, 326 (2d. Cir. 2012); *Perez*, 2014 WL 3512613, at *4. No single factor is dispositive, nor are the mere facts of stock ownership or officer status in an entity that employed the complaining employee enough to deem an individual an employer. *See, e.g., Alvarez*, 2010 WL 5158122, at *2. "[U]nexercised authority is insufficient to establish liability as an employer." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008).

It is undisputed that Mike Grozdic is an owner of REA, but as discussed above, mere ownership is insufficient to hold an employee or officer individually liable. *See Alvarez*, 2010 WL 5158122, at *2. Here, the economic reality of the working relationship does not support individual liability. The facts and testimony lead to a conclusion that Cardenas received assignments, hours, and payment from Ray Grozdic almost entirely. Mike Grozdic testified that any employment relationship was between Cardenas and Ray Grozdic. He testified that he did not hire Cardenas, had no relationship with him, was never his supervisor, and never told him what to do or where to go. Mike Grozdic did not set Cardenas's hours, his hourly wage, or his work schedule. Additionally, Cardenas testified that he provided his work invoices to Ray Grozdic. There is no evidence that Mike Grozdic oversaw the day-to-day operations of Cardenas's work or exerted any real control over Cardenas during his employment. Most importantly, Mike Grozdic did not set Cardenas's work schedule or payment arrangement-the acts that form the basis of Cardenas's FLSA claim that he was denied overtime. Cardenas has failed to provide any factual evidence that Mike Grozdic exercised control over him or was responsible for the alleged FLSA violations. Accordingly, Mike Grozdic was not Cardenas's employer.

### 2. IWPCA Claim

The IWPCA defines an "employer" to "include any individual, partnership, association, limited liability company, business trust, … or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed." 820 ILCS 115/2. It also provides that "in addition to an individual who is deemed to be an employer pursuant to Section 2 of [the IWPCA], any officers of a corporation or agents of an employer who knowingly permit such employer to violate the

provisions of [the IWPCA] shall be deemed to be the employers of the employees of the corporation." 820 ILCS 115/13. The Illinois Supreme Court has interpreted these two provisions in tandem, explaining that:

> [W]hen considered together, [they] form a coherent and entirely sensible policy. Section 2 confirms that an employer is liable both for its own violations of the [IWPCA] and for any [IWPCA] violations committed by its agents. Section 13, in turn, imposes personal liability on any officers or agents who knowingly permit the [IWPCA] violation. Unlike a literal reading of section 2, which imposes strict [IWPCA] liability upon all supervisory employees, this reading reserves personal [IWPCA] liability for those individual decision makers who knowingly permitted the [IWPCA] violation.

*Andrews v. Kowa Printing Corp.*, 217 Ill.2d 101, 298 Ill. Dec. 1, 838 N.E.2d 894, 899-900 (Ill. 2005).

Under this interpretation, Mike Grozdic could be an employer if he knowingly permitted the alleged violations of the IWPCA. But as discussed above, Mike Grozdic did not oversee the day-to-day operations of Cardenas's work, nor did he set his work schedule or payment arrangement. The dearth of evidence demonstrating that Mike Grozdic was an employer under the FLSA also shows that he did not "knowingly permit" either REA or Ray Grozdic to violate the IWPCA provision requiring payment of earned wages.

Because Cardenas failed to oppose Mike Grozdic's arguments in support of summary judgment, therefore waiving his claims, and because a review of the record establishes that Mike Grozdic was not an employer under either the FLSA or the IWPCA, Mike Grozdic's motion for summary judgment is granted.

### B. Ray Grozdic's and REA's Motion for Summary Judgment

Ray Grozdic and REA fare differently than Mike Grozdic. Instead of contending that they are not employers under the FLSA, they argue that (1) because Cardenas turned in handwritten invoices documenting his work, they were entitled to rely on those invoices; (2) the Portal-to-

Portal act limits Cardenas's FLSA claims to a two-year period due to a lack of willful underpayment; (3) Cardenas's retaliation claim under the IWPCA cannot go forward because he was fired before making any underpayment complaints to Ray Grozdic or REA; and (4) Ray Grozdic is not an "employer" under section 2 of the IWPCA. Because genuine disputes of material fact prevent a conclusion that Cardenas's employment records were accurately maintained and the dates of Cardenas's internal complaints to Ray Grozdic are disputed, summary judgment is denied regarding Cardenas's FLSA claim and IWPCA retaliation claim. Additionally, because the Court must credit Cardenas's testimony at this juncture and a reasonable jury could find that the underpayment was willful, the question of willfulness will remain for the jury. If a jury finds willfulness, Cardenas's FLSA claims will be limited to the three-year period of January 13, 2009 to January 13, 2012 (the date the Complaint was filed) in accordance with the statute of limitations for FLSA claims; any claims for unpaid overtime prior to January 13, 2009 are dismissed. *See* 29 U.S.C. § 255 ("cause of action … may be commenced within two years after the cause of action accrued … except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued"). However, because Cardenas failed to address Ray Grozdic's challenge that he is not an "employer" under the IWPCA, Cardenas has waived that claim and summary judgment is warranted for Ray Grozdic individually on Cardenas's IWPCA claim. *See Wojtas*, 477 F.3d at 926 (failure to offer opposition to argument constitutes waiver); *Cincinnati Ins. Co*, 260 F.3d at 747 (failure to oppose argument permits inference of acquiescence and "acquiescence operates as a waiver").

**1. Business Records**

The FLSA provides that employees who work more than forty hours in a week must be paid for the excess hours at one and one-half times the regular rate of pay. 29 U.S.C. § 207(a)(1). An employee bears the burden of proving that he performed overtime work for which he was not properly compensated. *Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 173 (7th Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded on other grounds by statute*, Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251-262). Ray Grozdic and REA assert that because Cardenas was responsible for recording his time and submitting invoices, he must bear the loss of any failure on his part to record his time.

This argument ignores one of the fundamental tenets of the FLSA. The FLSA makes clear that employers, not employees, bear the ultimate responsibility for ensuring that employee time sheets constitute an accurate record of all hours worked by employees. *See* 29 U.S.C. § 211(c); *Anderson*, 328 U.S. at 687. Accordingly, if Cardenas has evidence sufficient to support a finding that not all tasks and hours were recorded, Ray Grozdic and REA cannot hide behind a policy of having Cardenas keep his own time to avoid compensating him for all overtime hours worked, including unrecorded hours. *See Kellar*, 664 F.3d at 177 (employer "cannot sit back and accept the benefits without compensating for them … [the employer's] duty arises even where the employer has not requested the overtime be performed or does not desire the employee to work, or where the employee fails to report his overtime hours") (quoting *Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2d Cir. 2008)); *Watson v. United Consumers Club, Inc.*, 786 F.2d 303, 314-15 (7th Cir. 1986) (because the FLSA requires "every employer to keep an accurate record of hours worked by each employee," the employer, rather than the employees, must suffer the consequences of inaccurate time sheets); *see also, e.g., Ladegaard v. Hard Rock*

*Concrete Cutters, Inc.*, No. 00 C 5755, 2004 WL 1882449, at *4 (N.D. Ill. Aug. 18, 2004) (employer cannot "escape its responsibility to pay employees for all time worked by relying solely on the hours reported on employees' time sheets").

Cardenas has provided sufficient evidence to create a triable issue of fact as to whether he performed work that was not reported on his invoices and was therefore uncompensated. Cardenas testified that he worked sixty hours per week for Ray Grozdic and REA and that the invoices often contained only part of the price and hours worked. (Cardenas Dep. at 11 and 26). This necessarily leads to the reasonable inference that a number of hours went undocumented. Although Cardenas has offered little documentary evidence of his alleged uncompensated work, his deposition testimony is sufficient to create a triable issue of fact. *See Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013) (plaintiff may rely on "self-serving" evidence to create a material factual dispute); *Omnicare*, 629 F.3d at 704-05 (courts do not weigh evidence or make credibility determinations at summary judgment stage). A review of his deposition indicates that the work invoices were drafted in a haphazard fashion and sufficiently casts doubt on the trustworthiness of the records. *See Brown v. Family Dollar Stores of Ind., LP*, 534 F.3d 593, 597 (7th Cir. 2008). Additionally, Cardenas testified that Ray Grozdic would call him anywhere from twelve to eighteen times a day to check on his progress with assignments. (Cardenas Dep. at 44-45). This alleged level of oversight leads to the inference that Ray Grozdic was entirely aware of the hours Cardenas was actually working, regardless of whether the invoices documented them. *But see, e.g., Schremp v. Langlade Cnty.*, No. 11 C 590, 2012 WL 3113177, at *5 (E.D. Wis. July 31, 2012) ("employer has no obligation to pay for work it did not know about and had no reason to know about"). After considering Cardenas's testimony, a reasonable finder of fact could conclude that he worked overtime hours for which he was not compensated. Accordingly,

Ray Grozdic's and REA's motion with respect to Cardenas's overtime and unpaid wages claims is denied.

### 2. Willfulness

The FLSA generally provides for a two-year statute of limitations on actions to enforce its provisions, but allows a three-year limitations period for "a cause of action arising out of a willful violation." Here, if Ray Grozdic and REA are found to have willfully violated the FLSA, they will be liable for the pay violations for the three years preceding the filing of the Complaint. The standard for willfulness under the FLSA is "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). For the same reasons discussed above, a reasonable jury could conclude that Ray Grozdic and REA recklessly disregarded their obligations under the FLSA. Cardenas testified that he worked sixty hours per week under Ray Grozdic's direction and that Ray Grozdic would call Cardenas in excess of ten times per day. Cardenas further testified that he was not compensated for a number of hours. While this is insufficient, in itself, to establish willfulness, it does raise a question of fact for trial. Accordingly, Ray Grozdic's and REA's motion for summary judgment on the issue of willfulness is denied. However, as a matter of law, liability for any FLSA violations is limited to the three years preceding the filing of Cardenas's Complaint. Even if willfulness is found, the statute of limitations has run on all claims prior to January 13, 2009.

### 3. Retaliatory Discharge Under the IWPCA

The IWPCA provides that "[a]n employee who has been unlawfully retaliated against shall be entitled to recover … in a civil action." 820 ILCS 115/14(c). Unlawful retaliation occurs when an employer or agent of an employer "discharges or in any other manner discriminates

against any employee because that employee has made a complaint to his employer … that he or she has not been paid in accordance with the provisions of the [IWPCA]." *Id.* Ray Grozdic and REA contend that summary judgment on Cardenas's retaliation claim must be granted because Cardenas did not make a complaint to Ray Grozdic or REA regarding lack of payment until December 15, 2011, nearly a month after he was fired. Again, a fundamental dispute of material fact precludes summary judgment. In his response brief, Cardenas alleges that he made oral complaints and demands for payment to Ray Grozdic in May of 2011. This contention is supported by his deposition testimony. Cardenas testified that he and Ray Grozdic came to their "disagreement" in November of 2011 because he was "charging [Ray] the money that [Ray] owed him." (Cardenas Dep. At 10-11). Accepting Cardenas's version of the events as true at this stage, a reasonable jury could find that Cardenas made demands for payment before he was terminated. Additionally, whether Cardenas specifically complained about dollar amounts or ownership in the Defendants' properties is unimportant. The IWPCA defines "wages" as "any compensation owed an employee pursuant to an employment contract or agreement." 820 ILCS 115/2. Because a reasonable jury could credit Cardenas's testimony and conclude that he complained to Ray Grozdic for insufficient payment before he was discharged from employment, summary judgment is denied.

### 4. IWPCA "Employer"

Because Cardenas failed to address Ray Grozdic's challenge that he is not an "employer" under the IWPCA, Cardenas has waived that claim and summary judgment is granted for Ray Grozdic individually on Cardenas's IWPCA claim. *See Wojtas*, 477 F.3d at 926 (failure to offer opposition to argument constitutes waiver); *Cincinnati Ins. Co*, 260 F.3d at 747 (failure to oppose argument permits inference of acquiescence and "acquiescence operates as a waiver").

**CONCLUSION**

For the foregoing reasons, Mike Grozdic's Motion for Summary Judgment is granted and Ray Grozdic's and REA's Motion for Summary Judgment is granted in part and denied in part.

_____
Northern District of Illinois

Date: September 9, 2014